in Case No. 23-817, Saleh v. Garland. Welcome. Welcome, Your Honor. Can I start? Mr. Saleh. Your Honor, I am Tariq Saleh. I am an imam and I represent myself in this case, the first degree and the appellant here. Please, Your Honor, the case has issue, main issue. I wish I request more time, but the court doesn't give me because five minutes is not enough to raise all of the point. But in any way, the main point in this case, the jurisdiction did or does the first degree has jurisdiction in 1421C. The 1421C, the USCIS has a jurisdiction to reopen the case after the final decision or not. I have case in Eastern District of Louisiana. The court rejected the mootness of the government, rejected it completely and said any time the government or USCIS can come before the court to vigiate the pending suit by saying we reopen and take a decision after the final decision. While another case in D.C. after the Castracani take his citizenship certificate, received it, 1447B, the court, the government raised the mootness. The court rejected it. The government tried to say there is distinguish between 1447B and the 1421C. Actually, the District of D.C. rejected and called it in Eastern Louisiana, Eastern District of Louisiana, rejected that argument. In any point, because if the court permit the government to reopen my N-400 after the final decision and they approved it, until now there is no mootness of approval, no mootness of action. Only few hours after the court ordered the government to reopen and approve the case, they send me N-445 to say come for the oath on Friday. This was Tuesday, Friday I have to give the oath while it was adjourned because of Trump case in that time, in that day. Until now, I hope you are honored to ask the government what date of the approval. They don't say what date of approval. Actually, my information, the approval was in the same day of denial in 8-31-20. If that's the case, because until now... But in the end, you were naturalized and you are now a citizen. Correct your honor. And so you won. So if there were mistakes earlier, how does it matter? You see, we can only act if somebody has lost. And you won. And congratulations. Your honor, correct, I won. You're naturalized. What? We're pleased to have you as a new citizen. I am citizen, yes. We welcome you. You won. No, the court said I am not the prevailing party. The court doesn't consider me the prevailing party even. But I request your honor, thank you. Because according to Castracani in DC, the court issued thank you in the day of the oath. Seven months after he got his certificate. Well, it could be that because of a delay, somebody was damaged. But you haven't shown us any damages that are more than speculation. I don't say that it couldn't happen that a delay caused damages and then we'd have to act. I will tell you, give me a chance, your honor, and you are the greatest judge and I am 21 years old. I am happy to be before the greatest panel. But the point, your honor, I wanted to run for Congress. Now I wanted to wait seven years until I became 67 years old. We have too many cases that say things like that are speculative. That is, when it comes to damages, we usually, our cases tell us which we have caused. But your honor, I am supposed to be prevailing party because I have three cases until I won my citizenship by myself. Even my green card, I won it as Bruce. They defraud the information. Your honor, imagine if they open the case and they re-deny it again like Donnelly. Donnelly case is before second circuit. After he dismissed the case voluntarily, they re-deny it on another ground and again in circuit, again closed circuit, again, to lose the case because he doesn't exhaust his administration. In any way, your honor, the Supreme Court said, I'm sorry, your honor, the Supreme Court said where legal rights have been evaded, federal court may use any available remedy to make good the wrong done. They deal with me 20 years for nothing except I don't want to work as informant. They wanted to send me to Afghanistan to trap the third leader of Al-Qaeda, C.A.R.R.B., one agent of FBI, your honor, his name is Philip Swerson, which I wanted to amend the case for Biden and for Religious Freedom Restoration Act because he complicated my life since he has a meeting with me in 2001, September 24, and I told him about my history, my relationship, my tie with distant relative of third leader of Al-Qaeda. Since that day, he put me in his mind to make my life hell because I don't want to be submissive to him. Your honor, try to do, I request apology, at least, if not, no military damage, and no non-capital time, and no apology. What I get after 20 years from challenge with FBI because I don't want to be submissive.  For that reason, your honor, I wanted to run for Congress to solve the loophole of the loophole. Mr. Saleh, excuse me, you're over your time. We've let you go on. I think we have your argument. Now it's time to hear from the government. Thank you so much. Thank you. Good afternoon, your honors. David Byerly for the appellees. This court's role here is very simple. The district court correctly dismissed Saleh's case seeking 1421C, review of his naturalization denial, as moot after Mr. Saleh was naturalized. The district court correctly recognized that it shared concurrent jurisdiction with you. Can you get him an apology? Sorry, your honor? Can you get him an apology? Your honor, that is not, there's no provision of law requiring USCIS. There's no provision of law, and an ordered apology ain't much of an apology if you're ordered to apologize. But you can apologize even if we don't order you. Well, that's correct, your honor. In theory, USCIS could apologize, but it has elected not to do so in this case. And in the absence of any statutory remedy of an apology, there's nothing to keep this case from going moot at this point. His remedy under 1421C was review of his naturalization denial. He has since been naturalized. That's the end of that, that's the end of the matter. And as the district court recognized correctly that it shared concurrent jurisdiction with USCIS under 1421C, USCIS had the authority under 1421D to naturalize Mr. Saleh. Nothing about a 1421C action divested USCIS. Yeah, but district court was wrong when it said it had the only jurisdiction. And so you guys did the right thing and made him a citizen. Fine. And that's correct, your honor. We agree with that. Further, the district court slightly erred when it said, when it assumed that not pro-tunk relief for naturalization was available. This court in the United States versus Vogel in 1919 case recognized that not pro-tunk is not available to backdate naturalization to a time before all of the statutory prerequisites were met. As Mr. Saleh mentioned, he did not take the oath of citizenship until April 7th, 2023. He cannot have his naturalization backdated to a date before that and have us all pretend that he took the oath of citizenship before he actually did. So while the district court was correct in identifying that there is no extreme prejudice to justify non-pro-tunk relief, it was incorrect in that it assumed that non-pro-tunk relief was available. The remaining points, your honors, the government believes are adequately briefed and will rest on the papers on that unless the court has further questions from the government. Thank you. Thank you, your honors. Thank you both. We'll take the case under advisement.